

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff                                                                            Civil Action No.

V.

ALLIED ENTERSTATE LLC.

Defendants

## COMPLAINT

### Parties

1. The Plaintiff is a resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

2. Allied Interstate LLC. (hereafter Allied) is a debt collection Company that is registered in Massachusetts to collect debts, with a usual address of 12755 State Highway 55, Suite 300, Plymouth, MN, 55441

### Jurisdiction

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d) and supplemental jurisdiction exists for the state law claims.

4. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and Defendant is from another State and the conduct complained of occurred here.

### Facts

5. This is an action for money damages.

6. Plaintiff intents to send Defendant Allied a 93a demand letter, and Plaintiff will amend the suit to reflect violations of the Massachusetts Unfair and Deceptive Trade Practices Act. 93 a.

7. This is an action for damages and injunctive relief brought by Plaintiff against Defendants Allied for violations of the Telephone Consumer Protection Act(TCPA) Sec.227.,47USC§227(b)(l), 47USC§227(a)(iii), Fair Debt Collection Practices Act (FDCPA)15U.S.C.§1692c(a)(l).

8. All conditions precedent to the bringing of this action has been performed.

9. Despite Defendants Allieds familiarity with the TCPA, Defendant either willfully or knowingly violated the TCPA in placing these calls to the Plaintiff's cellular telephone and or wireless number for which the called party was charged for the call.

10. Defendant Allied placed telephone calls to the Plaintiffs wireless telephone which the called party is billed for the call, after receipt of Plaintiffs letter or Plaintiff conversation to their representative to cease and desist.

11. Plaintiff has contacted Allied in an effort to mitigate damages and spare judicial resources.

12. The Defendant placed multiple calls to Plaintiff's cell phone repeatedly invaded the privacy of the Plaintiff.

13. Defendant Allied knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by TCPA, and the FDCPA.

14. Defendant Allied was trying to collect a nonexistent debt from the Plaintiff.

15. Defendant Allied is debt Collection Companies that regularly collects defaulted debts.

16. Upon information and belief, Defendants Allied are third party debt collector.

17. Plaintiff hereby sues Defendant Allied violations of the Telephone Consumer Protection Act(TCPA)Sec.227.,47USC§227(b)(1),47USC§227(a)(iii), Fair Debt Collection Practices Act(FDCPA)15U.S.C.§1692c(a)(1).

18. Upon belief and information, Plaintiff contends that many of these practices are widespread for Allied Therefore, Plaintiff intends to propound discovery on the Defendants Allied the exact amount of time they have violated the Telephone Consumer Practices Act (TCPA).

19. Plaintiff also intends to seek attorney's fees from the Defendants Allied.

20. Plaintiff has telephone numbers that is assigned to cellular telephones and a service for which the called party is charged for the call.

21. The numbers has been listed on the do-not-call list for several years last being registered on or about February 16, 2008.

22. From approximately February 1, 2011 until March 18, 2013, Plaintiff began receiving calls from Defendants Allied to Plaintiffs numbers that are registered on the Do-Not Call List.

23. Defendant Allied made phone calls to Plaintiff from 800-806-3342, and from telephone numbers that were *blocked* on Plaintiffs caller I.D. Plaintiff plans to propound discovery upon Defendant Allied to get the exact dates.

24. Plaintiff was called on at least 42 occasions from Defendant Allied, Plaintiff received calls in May of 2012 a violation of the FDCPA and the TCPA ACT.

25. Plaintiff sent Defendant Allied a Cease & Desist letter by certified return mail # 7011 0110 0001 3637 3505 through the U.S Postal Service on or about June 4, 2012 and a representative by the name of J. Alexander signed for Defendant Allied.

26. Defendant Allied did not stop calling Plaintiff as the letter ask them to do.

27. Plaintiff also received calls on February 26, 28, 2013 and on March 1, 4, 5, 6 7, 0f 2013 and many more times, and the Plaintiff was charged for the call.

28. Defendant Allied should have known that Plaintiffs did not owe a debt.

29. Plaintiff spoke with Allieds representative and their lawyer from the legal department over 10 times and they assured Plaintiff that his number would be taken off the automatic dialing system it was not.

30. Plaintiff contacted Defendants legal department and they assured me that I would not receive any more.

31. Each call was initiated by Defendant Allied for the purpose of collecting a non- existent debt, in violation of 47 U.S.C. the TCPA Act.

32. Plaintiff answered several additional calls from Defendant Allied where his caller id showed a number "Unknown or Blocked" and where Defendant Allied did not identify itself at the commencement of the call which is another violation of the TCPA for which there is no private right of action.

33. Only after answering the caller ID blocked calls did Plaintiff realize it was the Defendant Allied calling.

34. At no time did Plaintiff provide prior express permission for Defendants Allied to call Plaintiffs cell phone or his wireless number and or service for which the called party is charged for the call.

35. Plaintiff never gave Allied prior express permission for Defendant to use equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

36. Defendant Allied does not have, and has never had, an *established* business relationship with Plaintiff.

37. Despite the letters from Plaintiff, Defendants Allied continued to place prohibited calls to Plaintiff's cell phone and wireless number and or service for which the called party is charged for the call Plaintiff is entitled to treble damages pursuant to 47 U.S.C. §227(b)(3).

38. Plaintiff seeks damages for any and all calls that Defendants Allied made to Plaintiff's telephone numbers in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant made which *Plaintiff is unaware of*, for Defendants Allied failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiff's requests to stop calling, failure to train and monitor its employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer name, his or her employer caller and business entity on whose behalf the calls were being made, or the causing Defendant Allied telephone number to be blocked from the subscriber's caller ID.

39. Defendants Allied did not provide Plaintiff with a letter after 5 days of the debt collection call which is a violation of the Federal Debt Collection Practices Act. (FDCPA).

40. From February 2011 thru March 18, 2013, Defendant Allied violated the TCPA and the MGL 93a by calling Plaintiffs cell phone or service for which the called party is charged

for the call, over 40 times with no prior permission given by Plaintiff.

41. Defendant Allied left recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone and answering service for which the called party was charged for the call.

42. Plaintiff is within the statute of limitation of the Telephone Consumer Practices Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA).

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICESACT (FDCPA), 15U.S.C. §1692 BY DEFENDANT ALLIED

43. Plaintiff alleges and incorporates the information in paragraphs 1 through 40.

44. Plaintiff is a consumer within the meaningof§1692a (3).

45. Allied placed no less than 20 telephone calls to the Plaintiffs cellular telephone and or wireless number after receipt of Plaintiffs letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C. § 1692c(a)(1). Defendant demands $1000.

46. Allied placed no less than 20 telephone calls to the Plaintiffs cellular telephone and or wireless number after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. § 1692c. Defendant demands $1000.

47. Defendants Allied continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in

violation of 15 U.S.C. §l692g(b). Defendant demands $1000.

48. Defendant Allied violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

49. Defendants Allied violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

50. Defendants Allied violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

51. Defendants Allied violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant Allied for $1000.00 and or actual and or statutory damages, attorney's fees and costs.

### COUNT III
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS
### ACT 47 U.S.C. §227
### By Defendant Allied

52. Plaintiff alleges and incorporates the information in paragraphs 1 through 45.

53. Defendant Allied has violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC§ 227(b) (1) (A) (iii) and 47 U.S.C. §227(b) (2) (5).

54. Plaintiff demand $500 for the 1st call and $1500 for every call after February 27, 2013.

55. Defendant Allied has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) the last 20 calls are subject to treble damages pursuant to 47 U.S.C.

§227(b)(3) as they were intentional. Plaintiff spoke with Allied twice after sending and Allied receiving the Intent to Sue Letter and Allied assured Plaintiff that the calls would stop. Since then Allied refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

56. Defendant Allied has committed 20 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C §227(b)(3)(B) which state:

(1) PROHIBITIONS-it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(a) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii.) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call**

57. Defendant Allied has demonstrated willful or knowing non-compliance with 47U.S.C.§227(b)(2)(5) by calling the Plaintiffs phone number, more than once during a12 month period.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages, statutory damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper

## DEMAND FOR TRIAL BY JURY

Plaintiff here by demands a trial by jury of all issues so triable as a matter of law.

Dated: March 18, 2013

Respectfully Submitted,

Paul Jones

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

VERIFICATION

**Plaintiff, Paul Jones, states as follows:**

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones

March 18, 2013